IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PANAGENE, INC., DORTE BUCHARDT, MICHAEL EGHOLM, PETER E. NIELSEN, AND ROLF H. BERG<br><br>Plaintiffs,<br><br>Vs.<br><br>BIO-SYNTHESIS, INC.,<br><br>Defendant | Civil Action No. 2:12-cv-00301<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Panagene, Inc. ("Panagene"), Dorte Buchardt, Michael Egholm, Peter E. Nielsen, and Rolf H. Berg (collectively "Plaintiffs") bring this action against Defendant Bio-synthesis, Inc. ("Biosyn") alleging causes of action for patent infringement and permanent injunctive relief. In support of its causes of action, Panagene alleges as follows:

### A. THE PARTIES

1. Panagene is a corporation organized and existing under the laws of Korea with its principal place of business at 816 Tamnip-dong, Yuseong-gu, Daejeon, Korea 305-510.

2. Dorte Buchardt is an individual residing at Klosterrisvei 8, 3100 Hornback, Denmark.

3. Michael Egholm is an individual residing at 110 Mount Pleasant Avenue Mamaroneck, NY 10543.

4. Peter E. Nielsen is an individual residing at Tesdorpfsvej 49, 2000 Frederiksberg, Denmark.

5. Rolf H. Berg is an individual residing at Strandvaenget 6, 2960 Rungsted Kyst, Denmark.

6. Upon information and belief, Biosyn is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 612 E. Main Street, Lewisville, Texas 75057. Biosyn is doing business in this judicial district. Biosyn may be served with process by serving its registered agent, Miguel Castro at 612 E. Main Street, Lewisville, Texas 75057.

### B. JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281 and Title 28 United States Code, particularly §1338(a).

8. Venue is proper in this Court under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

### C. CLAIMS FOR PATENT INFRINGEMENT – 35 U.S.C. § 271

9. On May 28, 2002, U.S. Patent No. 6,395,474 ("the '474 patent"), titled "Peptide Nucleic Acids" was issued to Ole Buchardt, Michael Egholm, Peter Nielsen, and Rolf Berg ("the Inventors"). A copy of the '474 patent is attached hereto as Exhibit A and is expressly made a part hereof.

10. On May 27, 2008, U.S. Patent No. 7,378,485 ("the '485 patent") was issued for "Peptide Nucleic Acids with Polyamide-Containing Backbones". A copy of the '485 patent is attached hereto as Exhibit B and is expressly made a part hereof.

11. The Inventors are the owners of the '474 and '485 patents (collectively "the Asserted Patents").

12. By agreement with The Inventors, Panagene holds an exclusive license to sell PNA oligomers to end-users for research purposes only along with the rights to enforce the Asserted Patents and to collect any and all damages from infringement thereof.

13. Together, Panagene and the Inventors hold all substantial rights under the asserted patents and have the right to enforce the Asserted Patents and collect damages for all relevant times.

14. The Asserted Patents, in general, relate to Peptide Nucleic Acid ("PNA") compounds.

15. Pursuant to 35 U.S.C. § 282, the Asserted Patents are presumed valid.

16. On information and belief, Biosyn manufactures, uses, and sells PNAs that directly infringe at least claims 1-5, 7, and 9-12 of the '474 patent and claims 1-3 of the '485 patent, either literally or under the doctrine of equivalents.

17. Biosyn acknowledges on its publicly available website that PNAs were invented in 1991 by The Inventors. A true and correct copy of an excerpt from Biosyn's website is attached hereto as Exhibit C.

18. In August 2006, representatives of Panagene informed Biosyn's employees that they were the exclusive licensees to the '474 patent in the field of research. Accordingly, Biosyn has had knowledge of the '474 patent at least as early as August 2006.

19. In May 2008, representatives of Panagene met with Biosyn's employees to discuss licensing of the '474 patent and the '485 patent. Accordingly, Biosyn has had knowledge of the '485 patent at least as early as May 2008.

20. By knowingly manufacturing, using, and/or selling PNAs invented by The Inventors under the '474 patent and the '485 patent, Biosyn has willfully infringed and

continues to willfully infringe at least claims 1-5, 7, and 9-12 of the '474 patent and claims 1-3 of the '485 patent, either literally or under the doctrine of equivalents.

21. Biosyn's manufacture and sale of PNAs also indirectly infringes claims 9-12 of the '474 patent.

22. Biosyn has knowledge of the '474 patent and knowingly induces its customers to infringe at least claims 9 through 12 of the '474 patent.

23. Biosyn's sale of PNAs is also a knowing sale of a non-staple article of commerce, the primary purpose of which is to be used in the processes described and claimed in claims 9 through 12 of the '474 patent. Biosyn's manufacture and sale of PNAs therefore contributorily infringes the '474 patent.

24. Biosyn's infringing acts have been, and continue to be, without Panagene's permission, license, or consent.

25. Biosyn continues to manufacture, use, and sell PNAs without a license to either the '474 patent or the '485 patent. As a result, Biosyn acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.

26. Biosyn's infringing acts have been, and continue to be, intentional, willful, and deliberate, with the full knowledge of Panagene's patent rights, thus making this an exceptional case within the meaning of 35 U.S.C. § 285 and entitling Panagene to the recovery of treble damages.

## Demand for Jury Trial

27. Panagene demands a jury trial on all claims and issues.

## Prayer For Relief

Wherefore, Panagene prays that this Court enter judgment in its favor and grant the following relief:

A. A declaration that Biosyn has directly infringed, induced others to infringe or contributed to the infringement of U.S. Patent No. 6,395,474 and U.S. Patent No. 7,378,485;

B. A declaration that Biosyn has willfully and deliberately infringed U.S. Patent No. 6,395,474 and U.S. Patent No. 7,378,485;

C. A finding that, pursuant to 35 U.S.C. § 284, Biosyn must account for actual and treble damages to Panagene by virtue of Biosyn's infringement of U.S. Patent No. 6,395,474 and U.S. Patent No. 7,378,485;

D. that Biosyn be ordered to account for and pay to Panagene all damages caused by the infringement of U.S. Patent No. 6,395,474 and U.S. Patent No. 7,378,485, which by statute can be no less than a reasonable royalty;

E. A finding that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of Panagene's attorneys fees, costs and expenses;

F. A permanent injunction against Bionsyn and its officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting or participating with Biosyn, precluding the manufacture, use, sale, or offer for sale any product that infringes U.S. Patent No. 6,395,474 or U.S. Patent No. 7,378,485; and

G. An award to Panagene of any other relief to which it is entitled, or which the Court deems just and reasonable.

                                        Respectfully submitted,

Date: May 17, 2012                /s/ Edward W. Goldstein
Edward W. Goldstein
State Bar No. 08099500
Alisa A. Lipski
State Bar No. 24041345
Califf T. Cooper
State Bar No. 24055345
**GOLDSTEIN & LIPSKI, PLLC**
1177 West Loop South, Suite 400
Houston, TX  77027
Telephone: 713-877-1515
Facsimile: 713-877-1145
Email:  egoldstein@gliplaw.com
Email    alipski@gliplaw.com
Email    ccooper@gliplaw.com

ATTORNEYS FOR PLAINTIFF
PANAGENE, INC.